11-502-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00502-CR

 

 


 
 
 Sheree Lynne Dunnam
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          On
September 30, 2011, as part of a plea bargain agreement, Sheree Lynne Dunnam
pleaded guilty to felony driving while intoxicated, and the trial court
sentenced her to ten years’ confinement, probated for ten years, and ordered
her placed on community supervision.  Also on September 30, 2011, the trial
court certified that this is a plea bargain case and that Appellant has no
right to appeal.  On November 4, 2011, Dunnam filed a notice of appeal and
“Declaration of Conflict Between Appointed Counsel and Client and Motion for
Substitution of Appointed Counsel and Motion for a New Hearing.”  On November
10, 2011, we notified Dunnam and her counsel that Dunnam’s notice of appeal was
not timely filed, that the trial court’s certification indicating that Dunnam
had no right to appeal had been filed in this court, and that this appeal could
be dismissed unless Dunnam or any party desiring to continue the appeal filed a
response showing grounds for continuing the appeal on or before November 21,
2011.  See Tex. R. App. P. 25.2(d),
44.3.  Separately,
both Dunnam and her counsel filed responses acknowledging the trial court’s
certification that Dunnam has no right to appeal.  Dunnam further acknowledged
that her notice of appeal was not timely and has informed us that she no longer
wishes to pursue the appeal.  Counsel for Dunnam has advised us to dismiss this
appeal and has filed a motion to withdraw.

          A
timely filed notice of appeal is essential to vest this court with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
A notice of appeal is timely if it is filed within thirty days after the day
sentence is imposed or suspended in open court, or after the day the trial
court issues an appealable order.  Tex. R. App. P. 26.2(a)(1).  Notice of
appeal may also be timely if it is filed within ninety days after the day
sentence is imposed or suspended and the defendant timely files a motion for
new trial.  Tex. R. App. P. 26.2(a)(2).  A motion for new trial is timely if
filed within thirty days after the date the trial court imposes or suspends
sentence in open court.  Tex. R. App. P. 21.4(a).

          Dunnam
did not timely file a motion for new trial and acknowledges that her notice of
appeal was untimely filed.  Accordingly, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 43.2(f); Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996).  Because of this disposition, we deny
counsel’s motion to withdraw as moot.

 

 

PER CURIAM

 

PANEL: 
GABRIEL, J.; LIVINGSTON,
C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.